# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Filed: August 16, 2011

No. 09-5448

FORSYTH MEMORIAL HOSPITAL, INC., ET AL.,
APPELLANTS

v.

KATHLEEN SEBELIUS, SECRETARY OF HEALTH AND HUMAN
SERVICES,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:07-cv-01828)

On Petition for Rehearing En Banc

Before: SENTELLE, *Chief Judge*, and GINSBURG,
HENDERSON, ROGERS, TATEL, GARLAND, BROWN*, GRIFFITH,
and KAVANAUGH, *Circuit Judges*.

## **O R D E R**

Appellants' petition for rehearing en banc and the response thereto were circulated to the full court, and a vote was requested. Thereafter, a majority of the judges eligible to participate did not vote in favor of the petition. Upon consideration of the foregoing, it is

**ORDERED** that the petition be denied.

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Jennifer M. Clark
Deputy Clerk

\* A statement by Circuit Judge Brown, dissenting from the denial of the petition for rehearing en banc, is attached.

BROWN, *Circuit Judge*, dissenting from the denial of rehearing en banc: "An agency may not promulgate retroactive rules absent express congressional authority." *Nat'l Mining Ass'n v. Dep't of Labor*, 292 F.3d 849, 859 (D.C. Cir. 2002) (citing *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988)). Though we pay lip service to this principle, it is on the verge of becoming an empty form of words. Petitioners challenge one recent blow to the doctrine: our holding that impermissibly retroactive rules may be rectified by adoption in post hoc agency adjudication. *See St. Luke's Hosp. v. Sebelius*, 611 F.3d 900, 907 (D.C. Cir. 2010), *cited in Forsyth Mem'l Hosp., Inc. v. Sebelius*, 639 F.3d 534, 537 (D.C. Cir. 2011). This holding violates the Supreme Court's admonition that "[e]ven where some substantial justification for retroactive rulemaking is presented, courts should be reluctant to find such authority absent an express statutory grant." *Georgetown*, 488 U.S. at 208–09. Because our new doctrine undermines the presumption against retroactive rulemaking in every administrative agency with an adjudicatory function, I would grant rehearing en banc.

In *St. Luke's*, we misapplied a different presumption designed for agency adjudication, plain and simple, to a hybrid proceeding in which adjudication served as a Trojan horse for retroactive rules the agency had already promulgated. In contrast to the presumption against retroactive rulemaking, "[w]e start with the presumption of retroactivity for adjudications." *Qwest Servs. Corp. v. FCC*, 509 F.3d 531, 539 (D.C. Cir. 2007). The origin of these dual presumptions lies in the statutory distinction between rules and orders. *See Georgetown*, 488 U.S. at 216 (Scalia, J., concurring). Rules are defined by their "future effect," *id.* (quoting 5 U.S.C. § 551(4)), and orders are defined in contradistinction to rules, *id.* (citing 5 U.S.C. § 551(6)). Thus, "[a]djudication deals with

what the law was; rulemaking deals with what the law will be." *Id.* at 221.

As long as rules and orders are confined to their proper spheres, the presumption in favor of retroactive adjudication serves a valuable purpose. "Clarifying the law and applying that clarification to past behavior are routine functions of adjudication." *Qwest*, 509 F.3d at 540. Parties to an adjudication are protected against unanticipated retroactive effects by the procedural guarantees of "notice and an opportunity to offer evidence bearing on the new standard," and by the chance to rebut the presumption of retroactivity by proving they have "detrimentally relied on the established legal regime." *Burlington N. & Santa Fe Ry. v. STB*, 526 F.3d 770, 784 (D.C. Cir. 2008) (quoting *Consol. Edison Co. v. FERC*, 315 F.3d 316, 323 (D.C. Cir. 2003)). But parties affected by an informal agency rulemaking enjoy no such procedural or substantive protection against retroactivity —hence, the presumption against retroactive rulemaking.

Because of the inherent tension between these two presumptions, blurring the distinction between an agency's adjudicatory and rulemaking functions inevitably erodes the presumption against retroactive rulemaking. In *St. Luke's*, we allowed the Department of Health and Human Services to cure its own impermissibly retroactive rulemaking by enforcing the offending rule through adjudication. Even though the affected party had not had an opportunity to present evidence or to establish detrimental reliance when the agency promulgated its guidance document, that informal rule was enforced against the hospital retroactively. We sanctioned this process, holding "any potential retroactive effect 'was completely subsumed in the permissible retroactivity of the agency adjudication.'" *St. Luke's*, 611 F.3d at 907 (quoting *Health Ins. Ass'n of Am., Inc.*

*v. Shalala*, 23 F.3d 412, 424 (D.C. Cir. 1994) (dicta)). This was a mistake.

It is not difficult to see why the *St. Luke's* exception threatens to swallow the rule against retroactive rulemaking. Many agencies charged with interpreting statutes by regulation also have adjudicatory functions, and adjudication can have the same widespread effect as rulemaking. *See Int'l Union, UAW v. Brock*, 783 F.2d 237, 248 (D.C. Cir. 1986). The same policies an agency can formulate by formal or informal rule are also generally susceptible of adjudication. *See id.*; *Qwest*, 509 F.3d at 536. Thus, after *St. Luke's*, nothing prevents an agency from creating impermissibly retroactive rules in a process devoid of procedural or substantive safeguards and then enforcing those rules through the back door of administrative adjudication.

In combination with an exception for "implicit" congressional authorization of retroactivity, which I recently criticized, *Nat'l Petrochemical & Refiners Ass'n v. EPA*, 643 F.3d 958 (D.C. Cir. 2011) (Brown, J., dissenting from the denial of rehearing en banc), the court's novel exception for rules enforced through adjudication renders the presumption against retroactive rulemaking a virtual nullity. Because we invoked *St. Luke's* to dismiss appellants' retroactivity argument in *Forsyth Memorial*, this petition presents a vehicle for correcting our past mistake. If an agency is to do by adjudication what it cannot do by rulemaking, I would hold the agency must rely on the independent interpretation of the adjudicatory body, produced in an adversarial process with an opportunity for affected parties to demonstrate detrimental reliance on the old standard. *See Burlington N. & Santa Fe Ry.*, 526 F.3d at 784. Impermissibly retroactive guidance is an improper basis for such an adjudicatory order.

I respectfully dissent from the denial of rehearing en banc.